

# NUMBER 13-12-00507-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RAYMOND HOLTON, TERESA WALLIS
AND ALL OCCUPANTS,                                          Appellants,

**v.**

GREEN TREE SERVICING LLC,
SUCCESSOR BY MERGER TO
WALTER MORTGAGE COMPANY, LLC,                               Appellee.

### On appeal from the County Court at Law
### of San Patricio County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion Per Curiam

In this forcible-detainer action, appellants, Raymond Holton, Teresa Wallis and all

occupants, appeal from the trial court's order dismissing appellants' appeal for want of

jurisdiction because they did not post bond in accordance with the trial court's order of

May 31, 2012.   On September 20, 2012, appellee filed a motion to dismiss the appeal as moot, stating that a writ a writ of possession was executed on August 8, 2012, and appellants do not assert a potentially meritorious claim of right to current and actual possession of the property.   *See* TEX. PROP. CODE ANN. § 24.007 (West Supp. 2012).

"The only issue in an action for forcible detainer is the right to actual possession of the premises, and the merits of title shall not be adjudicated."   *Wilhelm v. Fannie Mae*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing Tex. R. Civ. P. 746; *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006)).   Although the failure to supersede a forcible-detainer judgment does not divest a defendant of his right to appeal when the defendant is no longer in possession of the premises, an appeal from the judgment in that case is moot unless the defendant asserts a "potentially meritorious claim of right to current, actual possession." *Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768.

On October 11, 2012, the Clerk of the Court requested a response from appellants by October 22, 2012.   Appellants have not filed a response.   Absent any assertion of a potentially meritorious claim of right to current, actual possession, we grant appellee's motion and dismiss the appeal as moot.   *See Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768.   All pending motions are likewise dismissed as moot.

PER CURIAM

Delivered and filed the
10th day of January, 2013.